528

(No. 2881—

Dr. H. O. Taylor, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 11, 1937.*

Ford L. Rendleman, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The complaint was filed herein on April 9, 1936, claiming that $150.00 was due the claimant who is the coroner of Union County, Illinois, and alleging that on February 11, 1936, and prior thereto, there was located in said county, the Anna State Hospital for the Insane, to which is committed insane people of Southern Illinois.

The complaint sets forth Section 27 of Chapter 85 of the Revised Statutes of the State of Illinois, which in substance provides that in the event of a sudden or mysterious death of any inmate of any public or private hospital or asylum for the insane, a coroner's inquest should be held, as provided by law in other cases, and that in cases where the deceased patient was an inmate of any State charitable or penal institution, and the fees for holding such inquest cannot be collected out of the estate of such deceased inmate, such fees shall be paid by the Department of Public Welfare out of the State treasury.

A motion to amend the complaint was filed on July 21, 1936, claiming that $96.00 was due the claimant, and said motion set forth that the following named persons or inmates of the Anna State Hospital suddenly and mysteriously died and inquests were held:

| Date 1935 | Name | County | Inquest | Amount |
|---|---|---|---|---|
| Mar. 20 | Phillip Nagel | Marion | Inquest | $16.00 |
| Mar. 27 | Walter Cothern | Perry | Inquest | 16.00 |
| Mar. 30 | Olive Toler | Marion | Inquest | 16.00 |
| May 29 | Adam Johnson | Wabash | Inquest | 16.00 |
| June 8 | Wm. Crawford | Union | Inquest | 16.00 |
| June 15 | Frank Merski | Franklin | Inquest | 16.00 |
| | | | | $96.00 |

A copy of the complaint was forwarded to the Department of Public Welfare and by the Department to Dr. R. A. Goodner, managing officer at the Anna State Hospital, for investigation. Dr. Goodner submitted that the above and foregoing was a true list of inquests held by the claimant for which he had not been paid, and to which his claim should apply. Dr. Goodner did not return the complaint to the Department of Public Welfare, but sent the copy directly to the clerk of this court, with a list of inquests, with the following certificate:

"When checked with the records of the Anna State Hospital, Anna, Illinois, this invoice is found to be correct.

(Signed)    R. A. GOODNER, Managing Officer."

The original complaint was amended in compliance with the report of Dr. Goodner. Nothing appears concerning the financial status of the estates of the various deceased inmates, except the statement of Dr. Goodner, the managing officer, to the effect that the invoices were correct.

The managing officer of each charitable or penal institution of this State has rather extensive executive and administrative powers and duties, and he undoubtedly had knowledge of the financial status of the inmates of his institution.

One question, however, arises as to one item of $16.00, which is for an inquest on an inmate committed from Union County. This is the county wherein the institution is located. The law prior to 1931 required the fees of the coroner for inquests held on persons whose estates were insolvent to be paid out of the county treasury. An amendment of 1931 provided that where the deceased was a patient or inmate of a State institution, the fees should be paid by the State. We hold that this is a special statute on the subject and hold that it was not intended to make a distinction as to the fees of the coroner for holding an inquest on an inmate of a State institution committed from the county in which the institution was located. No defense to this claim has suggested itself to the court.

We, therefore, recommend an award in the sum of $96.00 in favor of the claimant, Dr. H. O. Taylor.